UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLIS SAMUEL JOHNSON, JR.,

    Plaintiff,

v.                                                                              Hon. Jane M. Beckering

TRAVERSE CITY                                 Case No. 1:22-cv-496
SHERIFF'S DEPRTMENT,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, initiated this matter on June 3, 2022, against the Traverse City Sheriff's Department. Plaintiff alleges that his Fourth Amendment rights were violated, apparently during an arrest on August 20, 2021, when handcuffs were applied so tight that they cut his wrist. As a result, Plaintiff alleges, he now cannot bend his wrist and can hardly write or do his job. For relief, Plaintiff seeks $10,000 in damages.

    On June 30, 2022, I granted Plaintiff's motion to proceed as a pauper. (ECF No. 6.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, and pursuant to 28 U.S.C. §

636(b)(1)(B), I recommend that the Court **DISMISS** Plaintiff's complaint for failure to state a claim.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

As noted above, Plaintiff has sued the Traverse City Sheriff's Department, which I construe as, in fact, the Traverse County Sheriff's Department. It is well established that in Michigan, a

sheriff's department is not an entity that is capable of being sued. *Duffin v. Washtenaw Sheriff Dep't*, No. 08-CV-10419, 2008 WL 2415864, at *2 (E.D. Mich. June 12, 2008) (citing *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) (noting that the sheriff is a constitutional officer and an individual, but the sheriff's department is not a constitutional office and cannot be sued)); *see also Bernard v. Brinkman*, No. 1:07-cv-459, 2007 WL 2302354, at *3 (W.D. Mich. Aug. 8, 2007) (Kent County Correctional Facility, Kent County Sheriff's Department, and Kent County Prosecutor's Office are not legal entities capable of being sued). Furthermore, to the extent Plaintiff intended to sue the Traverse City Police Department, his claim fares no better, as the police department also is not an entity capable of being sued. *See May-Shaw v. City of Grand Rapids*, No. 1:19-cv-117, 2019 WL 2265076, at *3 (W.D. Mich. May 28, 2019) ("It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action.") (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997)). While Plaintiff may have a claim against the individual deputy or police officer who handcuffed him, his claim against the sheriff's department fails as a matter of law.

## CONCLUSION

For the reasons articulated above, I recommend that Plaintiff's claim be **dismissed** for failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.

2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Finally, if the Court adopts the foregoing recommendation to dismiss, the dismissal will be a dismissal as described by 28 U.S.C. § 1915(g).


Date:  July 1, 2022                           /s/ Sally J. Berens  
                                              SALLY J. BERENS  
                                              U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).